37 F.3d 1507
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose VASQUEZ-GRANADOS, Defendant-Appellant.
 No. 93-50813.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 6, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Vasquez-Granados appeals his jury conviction for conspiracy to distribute cocaine, in violation of 21 U.S.C. Sec. 846, and possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). Vasquez-Granados claims that the prosecutor's references during closing argument to inculpatory evidence not produced at trial constitute prosecutorial misconduct. We have jurisdiction under 28 U.S.C. Sec. 129, and we affirm.
 
 
 3
 Absent objection at trial to prosecutorial misconduct, we review for plain error. United States v. Baker, 10 F.3d 1374, 1415 (9th Cir.1993). Reversal for plain error is warranted "solely in those circumstances in which a miscarriage of justice would otherwise result." United States v. Young, 470 U.S. 1, 15, 105 S.Ct. 1038, 1046, 84 L.Ed.2d 1, 12 (1984); United States v. Molina, 934 F.2d 1440, 1444 (9th Cir.1991). The inquiry is whether, considered in the context of the entire trial, including the conduct of the defense counsel, improper comments affected the jury's ability to judge the evidence fairly. United States v. Endicott, 803 F.2d 506 (9th Cir.1986).
 
 
 4
 It is improper for a prosecutor to suggest that information not presented to the jury supports witnesses' testimony. United States v. Molina, 934 F.2d at 1445. The "invited response" doctrine, however, is an exception to this rule of impropriety. Id. at 1445 n. 4. If the prosecutor's remarks were "invited" by defense arguments and did not more than respond substantially in order to "right the scale," such comments do not unfairly prejudice the defendant and therefore do not warrant reversing the conviction. United States v. Young, 470 U.S. at 12-13.
 
 
 5
 Vasquez-Granados claims that the prosecutor made two improper remarks during closing argument. Defense counsel did not object to the remarks at trial. The first allegedly improper remark was: "There is a great deal of evidence in this case, a great deal of evidence. And some of that evidence was not presented to you." [E.R. 174.] The prosecutor's argument continued:
 
 
 6
 One of the issues raised is, the Government was making excuses. The Government did not make excuses for why the witnesses weren't here; the Government provided you with an explanation. Very often jurors have a question in their mind as to why witnesses weren't called. You now know why those two witnesses were not called. One was pregnant, one was [injured on duty]. It's not an excuse. It's an explanation.
 
 
 7
 [Id. at 175.]
 
 
 8
 Vasquez-Granados further alleges that the prosecutor improperly stated:
 
 
 9
 You have all the evidence you need. There is no necessity for us to spend two weeks proving that everybody else in this conspiracy is guilty and providing you with all of the evidence we could possibly gather ...
 
 
 10
 [Id. at 181.]
 
 
 11
 Vasquez-Granados asserts that these references to inculpatory evidence which was not produced at trial constitute prosecutorial misconduct. We reject the argument. The prosecutor made the challenged remarks in rebuttal after defense counsel stated in closing argument:
 
 
 12
 And you have to hold the Government to the burden of proof and never hold the defendant to the burden of proof. There can be no excuses in a federal criminal case for the Government not to meet its burden by such things as, well, an officer is sick, or another one is having a baby.
 
 
 13
 [Id. at 160.]
 
 
 14
 We hold that, considered in the context of the entire trial, the prosecutor's rebuttal comments were an "invited response" to defense counsel's argument that the Government was offering excuses for not presenting witnesses and could not rely on such excuses to meet its burden of proof. The prosecutor's comments did no more than "right the scale," and therefore did not improperly affect the jury's ability to judge the evidence fairly.
 
 
 15
 Furthermore, the Court instructed the jury after closing arguments that arguments and statements by lawyers are not evidence, and that the jury was to decide the case solely on the evidence introduced at trial. These instructions remedied any prejudice from the prosecutor's rebuttal argument. See United States v. Baker, 10 F.3d 1374, 1416 (9th Cir.1993). We therefore find no reversible error.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3